Debtor   Remora Petroleum, L.P. _____   Case number (*if known*) _____
         Name

**Fill in this information to identify the case:**

Debtor Name   Remora Petroleum, L.P.

United States Bankruptcy Court for the:

Southern _____   District of   Texas _____
                                           (State)

Case number (*If known*): _____   Chapter   11 _____

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Remora Petroleum, L.P. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 4  5  -  2  6  7  4  3  4  8 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Building II 807 Las Cimas Pkwy, Suite 275 | |
| Number    Street | Number    Street |
| Austin        Texas        78746 | |
| City          State        ZIP Code | City          State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Travis | |
| County | |
| | Number    Street |
| | City          State        ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.remorapetroleum.com |

6.  **Type of debtor**

☐  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☒  Partnership (excluding LLP)

☐  Other. Specify: _____

| Debtor | Remora Petroleum, L.P. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

       ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

       ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

       ☐ Railroad (as defined in 11 U.S.C. § 101(44))

       ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

       ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

       ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

       ☒ None of the above

B. *Check all that apply:*

       ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

       ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

       ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
https://www.uscourts.gov/four-digit-national-association-naics-codes

    2 1 1 1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

       ☐ Chapter 7

       ☐ Chapter 9

       ☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

         ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

         ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

         ☐ A plan is being filed with this petition.

         ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

         ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

         ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

       ☐ Chapter 12

| Debtor | Remora Petroleum, L.P. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

| District | _____ | When | _____ | Case Number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case Number | _____ |
| | | | MM / DD / YYYY | | |

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See attached Rider 1 | Relationship | Affiliate |
|---|---|---|---|
| District | Southern District of Texas | When | Same Day |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street | | |
|---|---|---|---|
| | | | |
| City | | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| Debtor | Remora Petroleum, L.P. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Statistical and administrative information**

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ☒ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☒ 200-999 | | |

| 15. | **Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

WARNING – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | ☒ I have been authorized to file this petition on behalf of the debtor. |
| | | ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/12/2020
MM / DD / YYYY

✗ */s/ John T. Young, Jr.*    John T. Young, Jr.

Signature of authorized representative of debtor    Printed name

Title   Chief Restructuring Officer

Debtor    Remora Petroleum, L.P.                   Case number (*if known*) _____
         Name

---

18.    **Signature of attorney**      ✗    /s/ Timothy A. ("Tad") Davidson II      Date    08/12/2020

                                     Signature of authorized representative of debtor          MM/ DD / YYYY

                                       Timothy A. ("Tad") Davidson II
                                       Printed name

                                       Hunton Andrews Kurth LLP
                                       Firm name

                                       600 Travis Street, Suite 4200
                                       Number       Street

                                       Houston                          Texas            77002
                                       City                               State            ZIP Code

                                       713-220-4200                    taddavidson@huntonak.com
                                       Contact phone                    Email address

                                       24012503                           Texas
                                       Bar number                        State

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor Name | Remora Petroleum, L.P. | |
| United States Bankruptcy Court for the: | | |
| Southern | District of | Texas |
| | | (State) |
| Case number (*If known*): | | Chapter 11 |

☐ Check if this is an
amended filing

## **Rider 1**

### Pending Bankruptcy Cases filed by the Debtors

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors have filed a motion requesting that the chapter 11 cases of the Debtors be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Remora Petroleum, L.P. pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure.

1. Remora Petroleum, L.P.

2. Remora Petroleum GP, LLC

3. Remora Operating, LLC

4. Remora Operating CA, LLC

5. Remora Operating Louisiana, LLC

**WRITTEN CONSENT IN LIEU OF
SPECIAL MEETING OF THE MEMBERS AND MANAGERS
OF EACH OF
REMORA PETROLEUM GP, LLC,
REMORA OPERATING, LLC,
REMORA OPERATING CA, LLC AND
REMORA OPERATING LOUISIANA, LLC**

**WRITTEN CONSENT IN LIEU OF
SPECIAL MEETING OF THE PARTNERS OF
REMORA PETROLEUM, L.P.**

August 6, 2020

The undersigned, being (i) all of the members of Remora Petroleum GP, LLC, a Texas limited liability company (the "***Company***"), (ii) all of the members of the board of managers of the Company, (iii) the Company, in its capacity as the general partner of Remora Petroleum, L.P., a Texas limited partnership (the "***Partnership***"), acting on behalf of the Partnership itself and in its capacities as the sole member of each of Remora Operating, LLC, Remora Operating CA, LLC, and Remora Operating Louisiana, LLC, each a Texas limited liability company (collectively, the "***Remora Subsidiaries***"), (iv) a Majority in Interest of the Class A Limited Partners of the Partnership, and (v) all of the managers of each of the Remora Subsidiaries, do hereby waive any and all requirements for calling, giving notice of, and holding a special meeting of such members, managers or partners, as applicable, and, in lieu of a special meeting, do hereby consent to the adoption of the resolutions attached hereto as Exhibit A.

This written consent may be executed in counterparts, each of which shall be an original and all such counterparts shall constitute but one and the same written consent.

[*Remainder of page intentionally left blank.*]

IN WITNESS WHEREOF, the undersigned have executed this written consent, effective as of the date set forth above.

**MEMBERS OF THE COMPANY:**

*Grant W. Livesay*
_____
Grant W. Livesay

*George B. Peyton V*
_____
George B. Peyton V

**MANAGERS OF THE COMPANY:**

*Grant W. Livesay*
_____
Grant W. Livesay

*George B. Peyton V*
_____
George B. Peyton V

**GENERAL PARTNER OF THE PARTNERSHIP:**

**REMORA PETROLEUM GP, LLC**

By: *George B. Peyton V*
_____
Name: George B. Peyton V
Title: Manager

By: *Grant W. Livesay*
_____
Name: Grant W. Livesay
Title: Manager

**CLASS A LIMITED PARTNERS OF THE PARTNERSHIP:**

**RIVER VALLEY HOLDINGS, INC.**

By: *George B. Peyton V*
_____
Name: George B. Peyton V
Title: President

ECHEN RESOURCES, LLLP

By: George Baily Peyton, IV, its general
partner

By: _George B. Peyton IV_____

Name:  George B. Peyton IV


SOLE MEMBER OF REMORA
OPERATING, LLC:

REMORA PETROLEUM, L.P.

By: Remora Petroleum GP, LLC,
       its general partner

By: _George B. Peyton V_____

Name:  George B. Peyton V
Title:  Manager

By: _Grant W. Livesay_____

Name:  Grant W. Livesay
Title:  Manager


SOLE MEMBER OF REMORA
OPERATING CA, LLC:

REMORA PETROLEUM, L.P.

By: Remora Petroleum GP, LLC,
       its general partner

By: _George B. Peyton V_____

Name:  George B. Peyton V
Title:  Manager

By: _Grant W. Livesay_____

Name:  Grant W. Livesay
Title:  Manager

**SOLE MEMBER OF REMORA OPERATING LOUISIANA, LLC:**

**REMORA PETROLEUM, L.P.**

By: Remora Petroleum GP, LLC,
    its general partner

By: _George B. Peyton V_
Name:  George B. Peyton V
Title:  Manager

By: _Grant W. Livesay_
Name: Grant W. Livesay
Title:  Manager

**MANAGERS OF REMORA OPERATING, LLC:**

_Grant W. Livesay_
Grant W. Livesay

_George B. Peyton V_
George B. Peyton V

**MANAGERS OF REMORA OPERATING CA, LLC:**

_Grant W. Livesay_
Grant W. Livesay

_George B. Peyton V_
George B. Peyton V

**MANAGERS OF REMORA
OPERATING LOUISIANA, LLC:**

_Grant W. Livesay_
_____
Grant W. Livesay

_George B. Peyton V_
_____
George B. Peyton V

**EXHIBIT A**

**RESOLUTIONS OF THE MEMBERS AND MANAGERS OF EACH OF
REMORA PETROLEUM GP, LLC,
REMORA OPERATING, LLC,
REMORA OPERATING CA, LLC AND
REMORA OPERATING LOUISIANA, LLC AND OF
THE GENERAL PARTNER AND CLASS A LIMITED PARTNERS OF
REMORA PETROLEUM, L.P.**

August 6, 2020

WHEREAS, Remora Petroleum, L.P. is a limited partnership organized under the laws of the State of Texas (the "***Partnership***"), and Remora Petroleum GP, LLC is a limited liability company organized under the laws of the State of Texas and the sole general partner of the Partnership (the "***General Partner***");

WHEREAS, Remora Operating, LLC, Remora Operating CA, LLC, and Remora Operating Louisiana, LLC are each limited liability companies organized under the laws of the State of Texas (such entities, collectively, the "***Remora Subsidiaries***" and, together with the General Partner and the Partnership, the "***RP Entities***" and individually, an "***RP Entity***") and the sole member of each of the Remora Subsidiaries is the Partnership; and

WHEREAS, based on the advice of the professionals and advisors of the RP Entities, and after thorough discussion, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have each determined that it is desirable and in the best interests of each of the RP Entities and their respective creditors, employees and other interested parties that a petition be filed by each of the RP Entities, each seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

**Chapter 11 Cases**

NOW, THEREFORE, BE IT RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer (as defined below) shall be, and hereby is, authorized, empowered and directed on behalf of each of the RP Entities to commence cases under Chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***") by executing, verifying and delivering a voluntary petition in the name of such RP Entity under Chapter 11 of the Bankruptcy Code, as well as all other ancillary documents thereto, and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") in such form and at such time as the Designated Officer executing said petition shall determine with the express written consent of George B. Peyton V, and making or causing to be made prior to execution thereof any modifications to such petition or ancillary documents as the Designated Officer, in the Designated Officer's discretion, deems necessary or desirable to carry out the intent and

HOU:3665842.2

accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by the Designated Officer); and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed on behalf of each of the RP Entities, to seek to have the Chapter 11 Cases jointly administered by the Bankruptcy Court with one another; and it is further

RESOLVED, that John T. Young, Jr., a Senior Managing Director of Conway MacKenzie, Management Services, LLC, be, and hereby is, appointed as an officer of each of the RP Entities with the designated title of Chief Restructuring Officer (the "***Designated Officer***") in connection with the Chapter 11 Cases as set forth herein; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, with full power of delegation, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to execute, verify or file, or cause to be executed, verified or filed (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other necessary documents, agreements and papers, to employ and retain all assistance of legal counsel, financial advisors, investment bankers, accountants and other professionals, and to take any and all actions that the Designated Officer deems necessary or appropriate to obtain such Chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to employ and retain the law firm of Hunton Andrews Kurth LLP to represent and advise each of the RP Entities in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and perform the obligations of each such RP Entity, including, without limitation, filing and prosecuting any pleadings in connection with the Chapter 11 Cases, and the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Hunton Andrews Kurth LLP; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to employ Conway MacKenzie Management Services, LLC to act as financial advisor for each of the RP Entities in order to represent and assist such RP Entity in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of such RP Entity in connection with the Chapter 11 Cases, and the Designated Officer is hereby authorized, empowered and directed to

2

execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Conway MacKenzie Management Services, LLC; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to employ Seaport Gordian Energy, LLC to act as investment banker for each of the RP Entities in order to represent and assist such RP Entity in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of such RP Entity in connection with the Chapter 11 Cases, and the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Seaport Gordian Energy, LLC; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to employ the firm of Donlin, Recano & Company, Inc. to act as claims, noticing, soliciting and balloting agent to assist each of the RP Entities in advancing its respective rights and obligations under the Bankruptcy Code, in connection with the Chapter 11 Cases, and the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Donlin, Recano & Company, Inc.; and it is further

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to employ any other professionals necessary to assist each of the RP Entities in carrying out its respective duties under the Bankruptcy Code, and in connection therewith, the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases, and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professions, as necessary (such professionals, together with Hunton Andrews Kurth LLP, Conway MacKenzie Management Services, LLC, Seaport Gordian Energy LLC and Donlin, Recano & Company, Inc., the "***Professionals***").

## DIP Credit Documents

WHEREAS, based on the advice of the professionals and advisors of the RP Entities, and after thorough discussion, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the

3

Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have each been presented a copy of and determined and deem it advisable for the RP Entities to enter into the debtor-in-possession credit agreement (the "***DIP Credit Agreement***"), which shall provide for a senior secured super-priority term loan facility that would permit the RP Entities to fund, among other things, (i) general working capital and operating costs and expenses of the RP Entities (including, without limitation, the costs of administering the Chapter 11 Cases of the RP Entities), (ii) fees of professional advisors to the RP Entities, including the Professionals, and (iii) all fees charged by the agent and the lenders in connection with the DIP Credit Agreement, subject to all the conditions set forth in the DIP Credit Agreement, and subject to approval by the bankruptcy court; and

WHEREAS, based on the advice of the professionals and advisors of the RP Entities, and after thorough discussion, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have each determined and deem it advisable and in the best interests of the RP Entities and the interests of the RP Entities' creditors, equity holders, employees, and other interested parties (as applicable) for the RP Entities to enter into the DIP Credit Agreement and certain other agreements, documents, guaranties, promissory notes, certificates, control agreements, security agreements, fee letters, deeds of trust, mortgages, pledge agreements, instruments of pledge, assignments, assignments of earnings, assignments of insurance, financing statements, designations, transfers, endorsements, and related instruments and documents, in each case as required under or referenced within the DIP Credit Agreement (together with the DIP Credit Agreement, the "***DIP Credit Documents***"), and to consummate the transactions contemplated in the DIP Credit Documents, subject to any requisite bankruptcy court approval.

NOW, THEREFORE, BE IT RESOLVED, that, based on the advice of the professionals and advisors of the RP Entities, and after thorough discussion, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have reviewed the proposed terms and conditions of the DIP Credit Agreement and deem it advisable and in the best interests of each of the RP Entities and the interests of each of the RP Entities' creditors, equity holders, employees, and other interested parties (as applicable) to authorize and approve the RP Entities' negotiation, execution, and delivery of the DIP Credit Agreement, and the performance of the RP Entities' obligations under the DIP Credit Agreement on substantially the terms presented, and all other DIP Credit Documents or other agreements, instruments, and documents to be executed and delivered in connection with the DIP Credit Agreement, subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that, in furtherance of the foregoing resolution, the Designated Officer be, and hereby is, authorized, empowered and directed, for and on behalf of the RP Entities, to conduct and conclude negotiations with the agent and the lenders under the DIP Credit Agreement and to cause the RP Entities to enter into, and to amend, supplement or otherwise modify from time to time, the DIP Credit Agreement and all other DIP Credit Documents with such additions, deletions, and changes thereto as shall be approved by the Designated Officer, with the Designated Officer's

execution and delivery of the DIP Credit Agreement and all other DIP Credit Documents (and such amendments, supplements, or other modifications thereto) on behalf of the RP Entities to be conclusive evidence of such approval, and to effect and consummate the transactions contemplated by the DIP Credit Documents (and such amendments, supplement, or other modifications thereto) and to take other actions as may be necessary or appropriate in connection therewith (including, but not limited to, the pledging of any collateral under the DIP Credit Documents and executing any corporate resolutions, written consents or other similar documents on behalf of the RP Entities in connection therewith), subject to any requisite bankruptcy court approval; and it is further

RESOLVED, that the Designated Officer be, and hereby is, authorized, empowered and directed, for and in the name and on behalf of the RP Entities and without the joinder of any other person or entity, to pledge, mortgage, grant a security interest in and lien upon and assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to the agent or lenders under the DIP Credit Agreement, any and all collateral now or hereafter held, owned, or controlled by any of the RP Entities, and to perfect such security interests, in each case pursuant to the terms and conditions of the DIP Credit Documents, subject to any requisite bankruptcy court approval.

## Chapter 11 Plan and Disclosure Statement

WHEREAS, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have reviewed and discussed strategic alternatives for each of the RP Entities, have been advised by, and have considered recommendations by the financial advisors investment banker and counsel of the RP Entities with respect to the proposed chapter 11 plan of reorganization (the "*Plan*") and the related disclosure statement (the "*Disclosure Statement*") and have been presented copies of the Plan and the Disclosure Statement; and

WHEREAS, based on the advice of the professionals and advisors of the RP Entities, and after thorough discussion and review of the materials presented, the members of the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries deem it advisable and in the best interests of the  RP Entities and the creditors, equity holders, employees, and other interested parties of the RP Entities (as applicable) for the RP Entities to pursue and consummate the transactions contemplated by the Plan and the Disclosure Statement, subject to any requisite governmental, regulatory, or bankruptcy court approval (collectively, the "*Restructuring Transactions*").

NOW, THEREFORE, BE IT RESOLVED, that the General Partner, the board of managers of the General Partner, the General Partner, a Majority in Interest of the Class A Limited Partners of the Partnership, the Partnership (in its capacity as the sole member of each of the Remora Subsidiaries), and the managers of each of the Remora Subsidiaries have each reviewed the proposed terms and conditions of the Plan and the Disclosure Statement and deem it advisable and in the best interests of the RP Entities and the interests of the RP Entities' creditors, equity holders, employees, and other interested parties (as applicable) to authorize and approve the RP Entities'

negotiation, execution, and delivery of the Plan and the Disclosure Statement, and the performance of the RP Entities' obligations under and contemplated by the Plan and the Disclosure Statement on substantially the terms presented, and all other agreements, instruments, and documents to be executed and delivered in connection with the Restructuring Transactions, subject to any requisite governmental, regulatory, or bankruptcy court approval; and it is further

RESOLVED, that, in furtherance of the foregoing resolution, the Designated Officer be, and hereby is, authorized, empowered and directed, for and on behalf of the RP Entities to conduct and conclude negotiations over the Plan and the Disclosure Statement and to cause the RP Entities to pursue approval of the Plan and the Disclosure Statement, and to effect and consummate the transactions contemplated by the Plan and the Disclosure Statement and to take other actions as may be necessary or appropriate in connection therewith, subject to any requisite governmental, regulatory, or bankruptcy court approval; and it is further

RESOLVED, that, the Designated Officer be, and hereby is, authorized, empowered and directed for and on behalf of the RP Entities to conduct and conclude negotiations over any other potential restructuring or liquidation transactions (each an "Alternative Transaction") and cause the RP Entities to pursue approval of any such Alternative Transaction, and to effect and consummate any transactions contemplated by such Alternative Transaction and to take other actions as may be necessary or appropriate in connection therewith to the extent the Designated Officer determines in his sole discretion that pursuit of the Alternative Transaction rather than the Plan and Disclosure Statement is in the best interest of the RP Entities.

## General

RESOLVED, that each of the RP Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, with full power of delegation, on behalf of and in the name of each such RP Entity, including, with respect to the General Partner, in its individual capacity and/or in its capacity as general partner of the Partnership, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Designated Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any officer or manager of any of the RP Entities or any of the Professionals in connection with the Chapter 11 Cases or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the applicable RP Entity; and it is further

RESOLVED, that any and all actions, whether previously or subsequently taken by the Designated Officer or any other person authorized to act by the Designated Officer, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, adopted, ratified, approved and confirmed in all respects as acts and deeds of the applicable RP Entity.

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | §   **Chapter 11** |
| | § |
| **REMORA PETROLEUM, L.P.,** *et al.*, | §   **Case No. 20-[ ● ] ([ ● ])** |
| | § |
| **Debtors.**[1] | §   **(Joint Administration Requested)** |
| | § |

**CONSOLIDATED LIST OF CREDITORS HOLDING THE
THIRTY LARGEST UNSECURED CLAIMS**

Remora Petroleum, L.P., and the entities listed in Rider 1 to this petition (together, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the thirty largest unsecured claims (the "**Largest Unsecured Creditors List**").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately August 9, 2020, and was prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity priority and/or amount of such a claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Remora Petroleum, L.P. (4348); Remora Petroleum GP, LLC (4291); Remora Operating CA, LLC (1853); Remora Operating, LLC (7595); and Remora Operating Louisiana, LLC (0662). The location of the Debtors' main corporate headquarters and the Debtors' service address is: Building II, 807 Las Cimas Pkwy, Suite 275, Austin, TX 78746.

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** Remora Petroleum, L.P., et al. |
| **United States Bankruptcy Court for the:** Southern District of Texas |
| **Case number (if known):** 20-_____ |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis   12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | GOLDMAN SACHS AS ADMINISTRATIVE AGENT 2001 ROSS AVENUE STE 1800 DALLAS TX 75201 | MATT CARTER matt.carter@gs.com Tel: 972-368-5324 | Bank Debt - Second Lien | ☐ C ☐ U ☐ D | | | $27,989,911.00 |
| 2 | BERKLEY BONDING INSURANCE 475 STEAMBOAT ROAD GREENWICH CT 06830 | WILLIAM R. BERKLEY, CHAIRMAN & PRESIDENT Tel: 203-542-3800 | Litigation | ☑ C ☑ U ☑ D | | | $4,527,852.00 |
| 3 | SIDLEY AUSTIN LLP 1000 LOUISIANA ST STE 6000 HOUSTON TX 77002 | KEVIN P. LEWIS, CO-MANAGING PARTNER, HOUSTON klewis@sidley.com Tel: 713-495-4518 | Professional Services Fees | ☐ C ☐ U ☐ D | | | $713,787.34 |
| 4 | AZURE MIDSTREAM ENERGY, LLC 23501 CINCO RANCH BLVD. STE G250 KATHY TX 77494 | KELLEY ANDERSON revenue@azuremidstream.com Tel: 281-680-4300 | Trade | ☐ C ☐ U ☑ D | | | $357,500.00 |
| 5 | JPMORGAN CHASE BANK, N.A. 712 MAIN ST. Floor 13N HOUSTON TX 77002 | VITO SANNICANDRO vito.sannicandro@jpmorgan.com Tel: 877-576-2530 | PPP Loan | ☐ C ☐ U ☐ D | | | $321,260.00 |
| 6 | COBRA OIL & GAS CORPORATION PO BOX 8206 WICHITA FALLS TX 76307 | SHARON sharon@cobraogc.com Tel: 940-716-5100 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $178,653.49 |
| 7 | PARDUS OIL & GAS OPERATING, LP 3838 N CAUSEWAY BLVD STE 2800 METAIRIE LA 70002 | PATRICK O'BRYAN, CEO vnewland@pardusog.com Tel: 817-789-6712 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $143,465.36 |

Debtor   **Remora Petroleum, L.P., et al.**                                    Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | VENDERA MANAGEMENT III, LLC 2626 COLE AVE STE 750 DALLAS TX 75204 | COLLIN S. LENSING, COO & GENERAL COUNSEL Tel: 469-248-3079 Fax: 469-248-3173 | WI Revenue | ☑ C ☐ U ☐ D | | | $51,959.68 |
| 9 | PROLINE ENERGY RESOURCES, INC. 4645 SWEETWATER BLVD STE 500 SUGAR LAND TX 77479 | PETER OYEWOLE, PRESIDENT Tel: 832-886-4420 Fax: 832-886-4257 | Trade | ☐ C ☐ U ☐ D | | | $46,365.79 |
| 10 | PERI PETROLEUM, LLC PO BOX 20134 SUGAR LAND TX 77496 | PETER OYEWOLE, PRESIDENT Tel: 832-886-4420 Fax: 832-886-4257 | WI Revenue | ☑ C ☐ U ☐ D | | | $21,570.85 |
| 11 | VENDERA RESOURCES III, LP 2626 COLE AVE STE 750 DALLAS TX 75204 | COLLIN S. LENSING, COO & GENERAL COUNSEL Tel: 469-248-3079 Fax: 469-248-3173 | WI Revenue | ☑ C ☐ U ☐ D | | | $18,063.40 |
| 12 | XOG OPERATING LLC PO BOX 352 MIDLAND TX 79701 | RANDALL CAPPS, MEMBER Tel: 432-683-3171 Fax: 432-683-3152 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $15,985.87 |
| 13 | CHARLES SCHUSTERMAN ENTERPRISES PO BOX 699 TULSA OK 74101-0699 | Tel: (202) 289-7000 | WI Revenue | ☑ C ☐ U ☐ D | | | $11,828.30 |
| 14 | TEMPLAR ENERGY LLC LE NORMAN OPERATING LLC 4700 GAILLARDIA PKWY STE 200 OKLAHOMA CITY OK 73142-1839 | BRIAN A. SIMMONS, CEO Tel: 405-548-1200 | WI Revenue | ☑ C ☐ U ☐ D | | | $10,344.17 |
| 15 | BP AMERICA PRODUCTION COMPANY PO BOX 848155 DALLAS TX 75284-8155 | LUCIA SPORLEDER sporleder.lucia@bp.com Tel: 281-366-7584 | WI Revenue | ☑ C ☐ U ☐ D | | | $10,182.67 |
| 16 | LAS CAMPANAS PARTNERS, LTD 1510 TERRELL ST CUERO TX 77954-5001 | WILLIAM T. BELL Tel: 361-27-56460 | Royalty | ☑ C ☐ U ☐ D | | | $9,818.19 |
| 17 | JAMES F. WELDER ROYALTY PARTNERSHIP PO BOX 1159 VICTORIA TX 77902 | | Royalty | ☑ C ☐ U ☐ D | | | $9,762.23 |
| 18 | DORCHESTER RESOURCES PO BOX 18879 OKLAHOMA CITY OK 73154-8879 | ALISON COX, VICE PRESIDENT Tel: 405-418-8020 Fax: 888-376-2991 | WI Revenue | ☑ C ☐ U ☐ D | | | $8,843.17 |

Debtor   **Remora Petroleum, L.P., et al.**                                    Case number *(if known)* **20-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 19 RANGE RESOURCES CORPORATION DEPT 8054 PO BOX 650002 DALLAS TX 75265-0002 | ZOE SERRANO Tel: 972-354-8163 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $7,245.67 |
| 20 PDC ENERGY INC. 1775 SHERMAN ST STE 3000 DENVER CO 80203 | BECKY DRAIN Tel: 304-808-6368 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $6,798.46 |
| 21 STATE OF TEXAS G L O 563 TUCKER AVE JEFFERSON LA 70121 | | Royalty | ☑ C ☐ U ☐ D | | | $6,721.12 |
| 22 TLW INVESTMENTS LLC 1001 FANNIN STE 2020 HOUSTON TX 77002 | THOMAS L CARTER, Chairman | WI Revenue | ☑ C ☐ U ☐ D | | | $6,687.60 |
| 23 MARY JO POULSON HALBIRT 4132 IDLEWILD DR FORT WORTH TX 76107 | KYLE KNUTE POULSON POA Tel: 713-789-2131 | Royalty | ☐ C ☐ U ☐ D | | | $6,542.10 |
| 24 SARITA ENERGY RESOURCES PO BOX 273127 HOUSTON TX 77277-3127 | CHARLES E. NELSON, FOUNDER & MANAGING MEMBER Tel: 713-224-1681 Fax: 713-224-1683 | WI Revenue | ☑ C ☐ U ☐ D | | | $6,395.84 |
| 25 TABLE ROCK PARTNERS, LLC 3026 MOCKINGBIRD LN STE 270 DALLAS TX 75205 | PETER LUCHETTI, MANAGING PARTNER peter@tablerockpartners.com Tel: 254-284-0689 | WI Revenue | ☑ C ☐ U ☐ D | | | $6,235.00 |
| 26 THE ANNE G. LOCASCIO LIVING TRUST 150 FOREST AVE UNIT UNIT 1009 OAK PARK IL 60301 | ANNE LOCASCIO AND LAWRENCE LOCASCIO JR COTSTE | Royalty | ☑ C ☐ U ☐ D | | | $4,707.49 |
| 27 STOLHANDSKE FAMILY PART LTD 518 MIREPOIX SAN ANTONIO TX 78232-1950 | MATT STOLHANDSKE Tel: 210-341-4747 | Royalty | ☑ C ☐ U ☐ D | | | $4,620.27 |
| 28 SHORELINE SOUTHEAST LLC 400 E KALISTE SALOOM STE 2600 LAFAYETTE LA 70508 | DANIEL P. HURLEY, CHAIRMAN & CEO | Trade | ☐ C ☐ U ☐ D | | | $4,167.46 |

Debtor  **Remora Petroleum, L.P., et al.**                                         Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | CARL E GUNGOLL EXPLORATION LLC SANTA FE NORTH BUILDING 6 NE 63RD STE 300 PO BOX 18466 OKLAHOMA CITY OK 73154 | MARTHA WEST Tel: 405-286-6545 | Joint Interest Billing | ☐ C ☐ U ☐ D | | | $4,139.98 |
| 30 | ADOLFO ALDO URIBE, JR 1715 E LYON ST LAREDO TX 78043 | ADOLFO ALDO URIBE, JR | Royalty | ☑ C ☐ U ☐ D | | | $4,046.02 |

Fill in this information to identify the case:

Debtor Name      Remora Petroleum, L.P.

United States Bankruptcy Court for the:

Southern            District of    Texas

(State)

Case number (*If known*): _____    Chapter    11

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule _____*

☒      *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐      *Other document that requires a declaration_____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/12/2020
           MM / DD / YYYY

×   *John T. Young, Jr.*
Signature of individual signing on behalf of debtor

John T. Young, Jr.
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | §   **Chapter 11** |
| | § |
| **REMORA PETROLEUM, L.P.,** *et al.*, | §   **Case No. 20-_____ (___)** |
| | § |
| Debtors.[1] | §   **(Joint Administration Requested)** |
| | § |

## <u>DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 7007.1 and 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, Remora Petroleum, L.P. ("<u>Remora</u>") and its affiliated entities as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") respectfully represent:

1.  Grant W. Livesay and George B. Peyton V each hold a 50% membership interest in Remora Petroleum GP, LLC.

2.  River Valley Holdings, Inc., Teton Capital Partners, L.P. and Echen Resources, LLLP each respectively hold 38.18%, 29.52%, and 15.96% equity interest in Remora Petroleum, L.P.

3.  Remora holds 100% of the membership interests in the following Debtors: Remora Operating, LLC, Remora Operating Louisiana, LLC, and Remora Operating CA, LLC.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Remora Petroleum, L.P. (4348); Remora Petroleum GP, LLC (4291); Remora Operating CA, LLC (1853); Remora Operating, LLC (7595); and Remora Operating Louisiana, LLC (0662).  The location of the Debtors' main corporate headquarters and the Debtors' service address is: Building II, 807 Las Cimas Pkwy, Suite 275, Austin, TX 78746.

Fill in this information to identify the case:

Debtor Name      Remora Petroleum, L.P.

United States Bankruptcy Court for the:

Southern               District of    Texas

(State)

Case number (*If known*): _____    Chapter    11

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐    *Schedule H: Codebtors (Official Form 206H)*
- ☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐    *Amended Schedule* _____
- ☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒    *Other document that requires a declaration* Consolidated Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/12/2020          ✗   *John T. Young, Jr.* _____
       MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                         John T. Young, Jr. _____
                                         Printed name

                                         Chief Restructuring Officer _____
                                         Position or relationship to debtor